HAHN, Appellant, vs. HOLUM, Respondent.

*April 5—April 24, 1917.*

*Libel: Privilege: "True and fair report" of a judicial proceeding: Lack of jurisdiction.*

A newspaper publication stating that plaintiff had been tried before a justice of the peace for the theft of a harness and had been found guilty and fined was "a true and fair report" of a judicial proceeding, within the meaning of sec. 4256$a$, Stats., and therefore not actionable, although in fact the judgment pronounced by the justice was void for want of jurisdiction because no complaint had been filed as required by law.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Libel. The defendant is a justice of the peace and the editor of the De Forest Times, a newspaper published at De Forest, Dane county. The facts are: On April 19, 1915, the defendant as a justice of the peace issued a search warrant under ch. 197, Stats. The warrant required the officer to search the premises of the plaintiff and was executed by the village marshal, who, upon the search warrant, took into his possession a harness and also arrested the plaintiff. Plaintiff was taken before the defendant, who read him the

affidavit upon which the search warrant was issued and asked him to plead to it. The matter was then continued to April 26, 1915. The affidavit upon which the search warrant was issued was the only complaint ever made to or filed with the defendant against the plaintiff. Plaintiff was required to give a bond for his appearance on April 26th. Upon that day plaintiff appeared with his attorney, and against the objection of plaintiff and his attorney the defendant proceeded with the trial, took the testimony of a number of witnesses, and found plaintiff guilty of the theft of the harness and imposed a penalty. In the next issue of defendant's paper he published the following statement:

"*Asa Hahn* of the town of Vienna was tried before *Justice Holum* on Monday for the theft of a harness belonging to Mrs. Carrie Igard. The harness, identified by two sons of Mrs. Igard, was recovered with a search warrant. The defendant was found guilty and fined ten dollars and costs, the fine and costs amounting to about thirty-five dollars."

The judgment was reviewed upon a writ of *certiorari* issued out of the circuit court and was vacated and set aside on November 15, 1915. Plaintiff then commenced this action to recover damages for the publication of the alleged libelous article. At the close of plaintiff's case the trial court granted defendant's motion for a nonsuit, and from a judgment entered thereon dismissing the complaint plaintiff appeals.

*J. J. McManamy* of Madison, for the appellant.

For the respondent there was a brief by *Nelson & Bushnell* of Madison, and oral argument by *A. H. Bushnell.*

RosenBerry, J. The only question presented is: Is the item in question a publication of a judicial proceeding within the meaning of sec. 4256a, Stats. ?

"Section 4256a. The proprietor, publisher, editor, writer or reporter upon any newspaper published in this state shall not be liable in any civil action for libel for the publication in such newspaper of a true and fair report of any judicial, leg-

islative or other public official proceeding authorized by law or of any public statement, speech, argument or debate in the course of such proceeding."

It is claimed by appellant that it is not, for the reason that the judgment pronounced by the justice of the peace was void for want of jurisdiction, there having been no complaint filed as required by law. Had such a complaint been filed it is clear that the justice would have had jurisdiction, and it is not claimed that the judgment pronounced by him is not just and correct.

We are of the opinion that the item in question was a true and fair report of a judicial proceeding, and that defendant is entitled to the protection of sec. 4256a. It cannot be that the legislature intended to exempt such reports only when the judicial officer proceeds regularly in the manner prescribed by law, thereby placing upon the reporter the burden of determining at his peril whether or not a particular proceeding is regular and that the judicial officer pronouncing the judgment has jurisdiction to do so.

*By the Court.*—Judgment affirmed.